```
              THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

```
W. T. HUNT,                       :
                                  :
     Plaintiff,                   :
                                  :
vs.                               :   CIVIL ACTION 06-0202-CG-M
                                  :
MARC SONNIER, et al.,             :
                                  :
     Defendants.                  :
```

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 together with a Motion to Proceed Without Prepayment of Fees.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court for Plaintiff's failure to comply with the Court's Order and to prosecute his action against Defendants Marc Sonnier and Jack Tillman.

Plaintiff's action was filed on April 3, 2006.  Plaintiff named as Defendants Marc Sonnier and Jack Tillman.  The waivers of service of process for Defendants were issued on August 25, 2006 (Doc. 10).  The waiver for Defendant Marc Sonnier was return to the Court on September 13, 2006, with the notation "Return to Sender, No Longer Here" (Doc. 13).  The waiver for Defendant Jack Tillman was returned to the Court on September 14, 2007, with the notation "Return to Sender, No Longer Here"(Doc. 14).  On December 15, 2007, the Court entered an Order requiring Plaintiff

to advise the Court of Defendants Marc Sonnier's and Jack Tillman's current addresses by January 16, 2007, so that the waiver of service of process could be re-mailed to each Defendant (Doc. 17). On January 11, 2007, Plaintiff filed a Motion of Consideration asking the Court for an extension of time to provide addresses for Defendants Marc Sonnier and Jack Tillman (Doc. 19). Plaintiff's Motion was granted on January 17, 2007, and the time for Plaintiff to provide the Court with the current addresses for Defendants was extended to February 16, 2007 (Doc. 20). To date, Plaintiff has not furnished the Court with current addresses for Defendants Marc Sonnier and Jack Tillman.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute his claims against Defendants Marc Sonnier and Jack Tillman, and upon consideration of the alternatives that are available to the Court, it is recommended that the claims against Defendants Marc Sonnier and Jack Tillman be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. <u>Link v. Wabash R. R.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss <u>sua sponte</u> an action for lack of prosecution); <u>World Thrust Films, Inc. v. International Family Entertainment, Inc.</u>, 41 F.3d 1454, 1456-57 (11th Cir. 1995); <u>Mingo v. Sugar Cane Growers Co-op</u>, 864 F.2d 101, 102 (11th Cir.

1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

The Court however, realizes that a dismissal without prejudice of this action at this time will effectively be a dismissal with prejudice.  Plaintiff alleges his claims arose on or about September 30, 2004 (Doc. 1), and the two-year statute of limitations for § 1983 actions has run.  Thus, the two-year statute of limitations will preclude a recovery in a future action.

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set

out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 7th day of March, 2007.

>                    s/BERT W. MILLING, JR.
>                    UNITED STATES MAGISTRATE JUDGE